IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN MCMANUS,<br>      *Plaintiff*, | :<br>:<br>: |
| v. | :    CIVIL NO.  23-0464 |
| | : |
| COUNTY OF LEHIGH, JACOB E HAMMOND, CHAD L BURRY, JAY JENKINS, KAREN SCHULAR and ROBERT L. STEINBERG,<br>      *Defendants*. | :<br>:<br>:<br>:<br>:<br>: |

## MEMORANDUM OPINION

**Scott, J.**                                                                               **March 29, 2024**

      In this action purporting to be a "Writ of Quo Warranto," plaintiff John McManus, proceeding *pro se*, seeks to remove the defendants from office for allegedly falsely arresting and imprisoning him without authority in connection with criminal proceedings pertaining to his arrest and conviction for attempting to make a false statement in connection with the purchase or sale of a firearm.

      Defendant Chad Burry moves to dismiss the complaint for failure to meet the minimum pleading standards required under Federal Rule of Civil Procedure 8, as well as for failure to assert any personal involvement by him in any alleged wrongful conduct. Defendants Robert L. Steinberg and Jacob E. Hammond, judicial officers in the Lehigh County state court system, have moved to dismiss the complaint on immunity grounds, for failure to state a cognizable quo warranto claim, and as an improper collateral attack on an underlying criminal conviction.

      For the reasons that follow, the defendants' motions will be granted in part and denied in part. They are granted to the extent that Mr. McManus failed to adhere to Federal Rules of Civil Procedure 8 and 12(b)(6), and his complaint will be dismissed without prejudice with leave to

amend. The Defendants' motions are denied in that the Court will give Mr. McManus an opportunity to file an amended complaint.

## BACKGROUND

*Allegations in the Complaint*

Mr. McManus purports to bring this action on behalf of himself and "on behalf of the People of the Commonwealth of Pennsylvania." *See* Complaint ("Compl.") (ECF No. 1 at 5–14) ¶ 7. He names six defendants in his complaint: County of Lehigh; Jacob Hammond; Chad Burry; Jay Jenkins; Karen Schular; and Robert Steinberg. Other than alleging that they all reside in Lehigh County, and providing each defendant's work address, he provides scant information about them. He claims that the defendants "initiated and enforced their alleged authority upon" him in Lehigh County. *Id.* ¶ 9. He sues each individual defendant in their individual and official capacities, but does not provide the job title or position held by any of the individual defendants. *See id.* ¶¶ 1–6.

According to the complaint, on or about December 3, 2020, Defendant Burry obtained a "rubber stamped warrant" and attempted "to bring a frivolous action via false arrest and imprisonment" against Mr. McManus without the "delegated authority to do so." *Id.* ¶ 17. It further alleges that on or about January 25, 2021, Defendants Hammond, Burry and Jenkins "violated their Oaths of Office by . . . attempting to bring forth a frivolous action via fraud, false arrest and detainment in the name of the Commonwealth of Pennsylvania without delegated authority to do so." *Id.* ¶ 18. Almost four months later, on or about May 18, 2021, all six defendants "willfully violated their Oaths of Office by . . . bringing a frivolous action via fraud, false arrest, imprisonment, force, threat and duress without standing capacity in the name of the Commonwealth of Pennsylvania without delegated authority to do so." *Id.* ¶ 19.

Mr. McManus claims that the actions taken on these three dates violated Article 1, Sections 103 and 104 of the Lehigh County Home Rule Charter and Art. 1, Sections 1 and 2 of the Pennsylvania Constitution and the United States Constitution, thereby depriving him of his rights secured by the United States Constitution, the Pennsylvania Constitution and the Declaration of Independence. Compl. ¶¶ 17–19. He further claims that the County, by and through its agents Defendants Hammond and Steinberg, has "violated provisions of the Act under which it was created," as well as violated the rights and powers section of the County's Home Rule Charter. *Id.* ¶ 20. He "question[s]" the defendants' "delegated authority" from:

- their Home Rule Charter to act on behalf of the Commonwealth of Pennsylvania;

- the Department of the Treasury to open accounts and to use [his] person without [his] expressed written consent and knowledge;

- the Securities Exchange Commission to create/execute/sell and the like or conspire the same in [his] person without [his] express. written consent and knowledge; [and]

- the Bureau of Public Debt to issue a Public Debt Number to the alleged case.

*Id.* ¶ 7.

Because of the defendants' alleged "willful abuse of authority" and "abuse of power," *see id.* ¶¶ 21, 25, Mr. McManus seeks the "issuance of a Writ of Quo Warranto" against all of the defendants except the County. *Id.* ¶¶ 7, 27.

Mr. McManus also seeks:

- A declaration that the County "has forfeited its Charter" and is dissolved. *Id.* ¶¶ 21–22.

- An injunction restraining the County's agents, attorneys, employees, directors and managers from exercising any of the County's previous powers, rights, functions, and/or privileges, such as collecting and receiving debts, obligations, and/or demands held by the County and from paying out or "transferring or delivering to any person any of the deposits, monies, securities, property and effects of" the County or held by it. *Id.* ¶ 23.

- The "total exoneration of said alleged case/cause and shall be dismissed as a void judgment, of no further force and effect . . . ." *Id.* ¶ 26.

- Recovery of one billion dollars for compensatory, treble and punitive damages, lost wages, seized property, and costs. *Id.* ¶ 25.

*The Motions to Dismiss*

Three defendants have moved to dismiss the claims in the complaint against them. Defendant Burry, who identifies himself as a Pennsylvania State Police Trooper, moves to dismiss the complaint for failure to meet the minimum pleading standards required under Federal Rule of Civil Procedure 8, as well as for failure to assert any personal involvement by Mr. Burry in any alleged wrongful conduct. *See* Def. Burry's Mot. to Dismiss (ECF No. 4). Defendants Steinberg and Hammond ("Judicial Defendants"), who identify themselves as judicial officers in the Lehigh County state court system, have moved to dismiss the complaint on immunity grounds, as an improper collateral attack on an underlying criminal conviction, and for failure to state a cognizable quo warranto claim. *See* Mot. of Judicial Defendants to Dismiss Pl.'s Compl. (ECF No. 8).

In their motion to dismiss, the judicial defendants attach the criminal docket of Mr. McManus's criminal proceedings, which appear to be the basis for his claims in the complaint. *See* Docket in *Commonwealth of Pennsylvania v. John McManus,* No. CP-39-CR-594-2021, CCP Lehigh Cty. (ECF No. 8-2). The docket reflects criminal proceedings pertaining to his arrest and conviction for attempting to make a false statement in connection with the purchase or sale of a firearm under 18 Pa. C.S.A. § 901. *See id.* It indicates a complaint date of December 3, 2020, an arrest date of January 25, 2021, and a conviction by negotiated guilty plea on May 18, 2021, when he was sentenced to a nine to thirty-six month prison term. These three dates match the dates

4

alleged in the complaint as when Defendant Burry obtained a warrant (December 3); when Defendants Hammond, Burry and Jenkins falsely arrested and detained him (January 25); and when all defendants engaged in fraud, false arrest, imprisonment, force, threat and duress (May 18).  Additionally, the docket lists Defendant Hammond as the Magisterial District judge; Defendant Steinberg as the presiding judge in the Court of Common Pleas; Defendant Schular as his public defender; and Jay Jenkins as the assistant district attorney assigned to the matter.  Finally, the docket is consistent with Mr. McManus's request in the complaint for the "total exoneration of said alleged case/cause and shall be dismissed as a void judgment, of no further force and effect."  Compl. ¶ 26.[1]

*Procedural History*

Mr. McManus initiated this action on January 18, 2023, in the Court of Common Pleas of Lehigh County, Pennsylvania.  *See* Docket, Case No. 2023-C-0192, CCP Lehigh Cty. (ECF No. 1-3).  On February 7, 2023, Defendant Burry removed the action to this court.  The next day, Defendants Steinberg and Hammond filed preliminary objections to plaintiff's complaint in the state court.  Later that day, notice of the removal of the case to federal court was docketed in the Common Pleas Court.  On February 15, 2023, Defendant Burry filed his motion to dismiss the complaint in this court.  Defendants Steinberg and Hammond refiled their motion to dismiss in this court on March 3, 2023.  The plaintiff having failed to respond to the motions, on August 28,

---

[1] Although Mr. McManus fails to reference the underlying criminal proceedings in his complaint, much less attach a copy of the criminal docket to it, courts "may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Pension Benefit Guar. Corp. v. White Consolidated Industries, Inc.*, 998 F.2d 1192, 1196 (3rd Cir. 1993) (citations omitted).  Such documents include those that are *integral to or explicitly relied upon* in the complaint." *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir.1997) (emphasis in original)).  As discussed above, the criminal proceedings are central to Mr. McManus's claims.  Thus, the court may consider the criminal docket for CP-39-CR-594-2021 attached to the defendants' motion in ruling on their motion to dismiss.

2023, the Court ordered him to file a response to the defendants' motions by September 11, 2023. *See* ECF No. 12. Mr. McManus never filed a response.

## LEGAL STANDARDS

*Standard of Review on a Motion to Dismiss Under Rule 12(b)(6)*

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

In considering a motion to dismiss under Rule 12(b)(6), all well-pleaded allegations in the complaint are accepted as true and interpreted in the light most favorable to the plaintiff, and all inferences are drawn in the plaintiff's favor. *See McTernan v. City of York*, 577 F.3d 521, 526 (3d Cir. 2009) (quoting *Schrob v. Catterson*, 948 F.2d 1402, 1408 (3d Cir. 1991)). Additionally, a *pro se* plaintiff's pleadings must be considered deferentially, affording him the benefit of the doubt where one exists. *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013) (citing *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011)); *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003) (citing *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002)). This means the court must construe a *pro se* complaint "liberally . . . . apply[ing] the relevant legal principle even when the complaint has failed to name it." *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala*, 704 F.3d at 244). Nevertheless, the plaintiff must allege facts necessary to make out each element of each claim he asserts. *Mala*, 704 F.3d at 245; *Phillips v. County of Allegheny*, 515 F.3d 224, 233

(3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 563 n.8).  A conclusory recitation of the elements of a cause of action is not sufficient.  *Id.*

*Standard for Dismissal Under Rule 8*

A complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8.  *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019).  To conform with Rule 8, a pleading must contain "a short and plain statement showing that the [plaintiff] is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The complaint must "provide fair notice of 'what the . . . claim is and the grounds upon which it rests.'"  *Garrett*, 938 F.3d at 92 (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)).  However, "'[p]leadings must be construed so as to do justice.'"  *Garrett,* 938 F.3d at 92 (quoting Fed. R. Civ. P. 8(e)).  Additionally, this "already liberal standard is 'even more pronounced' where a plaintiff" is proceeding *pro* se.  *Id.* (quoting *Erickson*, 551 U.S. at 94).

In determining whether a pleading meets Rule 8's "plain statement" requirement, the court should "ask whether, liberally construed, a pleading identifies discrete defendants and the actions taken by these defendants in regard to the plaintiff's claims."  *Garrett,* 938 F.3d at 93 (citation omitted) (internal quotation marks omitted).  Additionally, "a pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8."  *Id.* (citation omitted).  The essential factor for the court to consider is whether "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits."  *Id.* at 94 (citation omitted).

*Standard for an Unopposed Motion to Dismiss*

Under Local Rule 7.1(c), most motions may be granted as uncontested in the absence of a timely response. However, the Third Circuit has cautioned that a district court may not grant a Rule 12(b)(6) motion as unopposed and dismiss a complaint without first analyzing the motion on the merits and finding an independent legal basis on which to grant it. *Wiggins v. MacManiman*, 698 F. App'x 42, 43 (3d Cir. 2017) (quoting *Stackhouse v. Mazurkiewicz,* 951 F.2d 29, 30 (3d Cir. 1991)). Therefore, although Mr. McManus's failure to respond to the motion renders it unopposed, the Court will conduct an independent analysis of the merits of the defendants' motions.

**DISCUSSION**

*Defendant Burry's Motion*

Mr. Burry argues that the complaint should be dismissed under Rule 8 because it is too vague and ambiguous to understand the claims against him, and therefore he cannot form a responsive pleading. *See* Burry Mem. of Law (ECF No. 4) at 3. He describes the complaint as having a "near-incomprehensible structure and content," and "almost entirely devoid of factual content, at most asserting that on three separate dates, [Mr. Burry] brought 'frivolous actions' against Plaintiff." *See id.* at 4 (citing Complaint ¶¶ 17–19). He contends that the complaint lacks any other information about the actions he allegedly took or how Plaintiff's rights were violated. *Id.*

The Court agrees with Defendant Burry's characterization of the complaint. The factual allegations against the defendants, including Mr. Burry, are sparse and conclusory, rendering the complaint unintelligible. It sorely fails to meet Rule 8's low bar to "identif[y] discrete defendants and the actions taken by these defendants in regard to the plaintiff's claims." *See Garrett,* 938 F.3d at 93. The complaint fails to state "cognizable legal claims to which a defendant can respond

on the merits." *Id.* at 94. Because it does not "provide fair notice of 'what the . . . claim is and the grounds upon which it rests,'" the complaint will be dismissed without prejudice for failure to comply with Rule 8.

In the alternative, Mr. Burry argues that even if the Court construes the complaint as asserting a civil rights claim, the complaint should be dismissed because it fails to plead facts showing Mr. Burry's personal involvement in any alleged Constitutional violation. *See* Burry Mem. of Law at 5. To state a claim for the violation of one's civil rights, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. This means that the complaint must state the time, place, and particular conduct of each alleged wrongful act for each defendant. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005).

Here, the complaint is devoid of any information as to the role of any defendant, including Mr. Burry, in the Constitutional violations alleged. It contains only conclusory allegations that he obtained "a rubber stamped warrant" and tried to bring a "frivolous action." The complaint says nothing about how the warrant was obtained in an unconstitutional manner or what about the criminal complaint was "frivolous." Therefore, the claims against Defendant Burry will be dismissed without prejudice for failure to comply with Rule 12(b)(6).

*The Judicial Defendants' Motion*

The judicial defendants move to dismiss the complaint based on three kinds of immunity: absolute judicial immunity from liability for damages; immunity under the Eleventh Amendment of the United States Constitution from any federal claims; and sovereign immunity from any claims brought under Pennsylvania law. They also contend that the complaint is an improper

9

collateral attack on an underlying criminal conviction.  Finally, they move to dismiss for failure to state a cognizable quo warranto claim.

<u>Immunity</u>

Judges are immune from liability when (1) the judge has jurisdiction over the subject matter before him; and (2) he is performing a judicial act.  *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356 (1978).  Immunity applies regardless of whether the actions complained of are alleged to have been in error, performed with malice, or in excess of the judge's authority.  *Stump*, 435 U.S. at 356.  Judicial immunity is not forfeited because a judge committed "grave procedural errors" or conducted a proceeding in an "informal and ex parte" manner, or if the judge's action is "unfair" or controversial.  *Gallas v. Supreme Court of Pa.*, 211 F.3d 760, 769 (3d Cir. 2005).  The doctrine applies to allegations of civil rights violations, *Pierson v. Ray*, 386 U.S. 547, 554 (1967), as well as to state tort claims.  *See Feingold v. Hill*, 521 A.2d 33, 36 (Pa. Super. 1987).

Applied here, Defendant Steinberg is a judge on the Lehigh County Court of Common Pleas, an entity of the Unified Judicial System of Pennsylvania.  Defendant Hammond is a Magisterial District Judge who presides over Magisterial District Court 31-2-02 of the Lehigh County Court of Common Pleas, an entity of the Unified Judicial System of Pennsylvania.  *See* Judicial Defs.' Memo of Law at 1.  As Lehigh County Court of Common Pleas Judges, they had jurisdiction over all underlying actions and proceedings at issue here.  *See* 42 Pa. C.S.A § 931(a) (the "courts of common pleas shall have unlimited original jurisdiction of all actions and proceedings[.]").  Since they acted within the scope of their jurisdiction, they are entitled to

absolute judicial immunity. Therefore, the Judicial Defendants are immune from any cause of action regarding their decisions in the underlying state court proceedings.[2]

Improper Collateral Attack

The Judicial Defendants argue that to the extent Mr. McManus is seeking dismissal and/or exoneration of his criminal conviction and sentence based on the defendants' civil rights violations, his claims should be dismissed because this is barred by the *Heck* Doctrine.

Under *Heck v. Humphrey*, 512 U.S. 477 (1994), a plaintiff is barred from bringing a constitutional claim pursuant to 42 U.S.C. § 1983 if a judgment in his favor would demonstrate or imply the invalidity of a criminal conviction. *Id.* at 486–87. *See also Torres v. Fauver*, 292 F.3d 141, 147 (3d Cir. 2002). The purpose of the *Heck* Doctrine is to promote the "finality and consistency" of criminal investigations by avoiding "parallel litigation" and "the creation of two conflicting resolutions arising out of the same or identical transaction." *Heck*, 512 U.S. at 484–85 (citations omitted).

To determine whether a claim is barred by *Heck*, the court engages in a two-part inquiry. First, it determines whether the plaintiff's conviction has been overturned or invalidated. *Id.* at 486–87. If so, the inquiry ends and the claim is not barred. If not, the court asks "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id.* at 487.

Mr. McManus has not alleged that his conviction has been reversed or invalidated. Further, a judgment in his favor in this case would necessarily imply the invalidity of his conviction and

---

[2] Because the Judicial Defendants are entitled to absolute judicial immunity from both federal and state law claims, the Court does not reach the issue of whether they are immune under the Eleventh Amendment of the United States Constitution and sovereign immunity.

11

sentence. His only remedies include taking a direct appeal based on any claimed errors, or filing a PCRA or habeas petition—not filing a civil action against the presiding judges and law enforcement. Therefore, to the extent Mr. McManus is seeking dismissal and/or exoneration of his criminal conviction and sentence based on the defendants' civil rights violations, his claims are dismissed as barred by the *Heck* Doctrine.

Quo Warranto Relief

To the extent the complaint purports to be a "quo warranto" action, the Judicial Defendants argue that the complaint should be dismissed for failure to state a cognizable claim.

A quo warranto action is a proceeding used to "challenge to the title or right to public office."[3] *Hill v. Mastriano*, No. 22-2464, 2022 WL 16707073, at *2 (3d Cir. Nov. 4, 2022) (quoting *Commonwealth ex rel. Jud. Conduct Bd. v. Griffin*, 918 A.2d 87, 93 (Pa. 2007)); *Hunter v. Weber*, No. 1:22-CV-00068, 2022 WL 2819021, at *1 (W.D. Pa. July 19, 2022) (citing *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 502 (1933)).

"[F]ederal courts have no general quo warranto jurisdiction" regarding removal of state officials from office. *Hill*, 2022 WL 6707073, at *2 ("Federal statute provides for the removal of *federal* officials by way of quo warranto brought in the District Court for the District of Columbia) (emphasis in original) (citations omitted).

With respect to bringing a quo warranto action in state court to remove state officials, generally only the attorney general or local district attorney may institute such an action. *In re One Hundred or More Qualified Electors*, 683 A.2d 283, 286 (Pa. 1996). Only a "[p]rivate party

---

[3] Considering that Mr. McManus seeks the issuance of a writ of quo warranto based on the defendants' purported actions outside of their "delegated authority," it is ironic that he has failed to allege even the job title or position held by any of the individual defendants.

12

with a special interest in the matter may institute a quo warranto action without first notifying the Attorney General or the local district attorney." *Reed v. City of Harrisburg*, 995 A.2d 1137, 1140 (Pa. 2010). [Such person] must possess some peculiar, personal interest aside from his general interest as a member of the public." *Id.*

Here, Mr. McManus lacks standing to bring any state law quo warranto action. He has not averred that he filed this action after first asking both the Attorney General and the local district attorney to bring it. Nor has he alleged the requisite "special interest" permitting him to proceed with a quo warranto action.

Additionally, Mr. McManus is not actually seeking quo warranto relief. Instead, he is asking the Court to "dissolve" the County of Lehigh and its' officials, and declare his criminal conviction void. This is not a challenge to a particular individual's right to hold office.

Therefore, to the extent the complaint is asserting a "quo warranto" claim, the complaint will be dismissed for failure to state a plausible claim under Rule 12(b)(6).

## CONCLUSION

Because the complaint does not provide fair notice to the defendants of Mr. McManus's claims, it will be dismissed without prejudice for failure to comply with Rule 8. Additionally, the claims against Defendant Burry will be dismissed without prejudice for failure to comply with Rule 12(b)(6) because the complaint fails to plead facts showing his personal involvement in any alleged Constitutional violation. The claims against the judicial officers will be dismissed because they are entitled to absolute judicial immunity.

Additionally, to the extent Mr. McManus is seeking dismissal and/or exoneration of his criminal conviction and sentence based on the defendants' civil rights violations, his claims are

dismissed as barred by the *Heck* Doctrine. Finally, to the extent the complaint is asserting a "quo warranto" claim, the complaint will be dismissed with prejudice for failure to state a plausible claim under Rule 12(b)(6).

                                      **BY THE COURT:**

                                      /s/ Kai N. Scott
                                      **HON. KAI N. SCOTT**
                                      **United States District Court Judge**